IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GLAUS, as Administrator of the Estate of Joshua Vic-Daniel Glaus, deceased, DAVID GLAUS, Individually, and CRYSTAL ANN GLAUS, Individually, <br><br> Plaintiffs, <br> vs. <br><br> MONROE COUNTY, ILLINOIS, JAMES LANSING, CHRIS LUTZ, RUSSELL BRAFFORD, LAWRENCE CHAUSSE, JASON CHAUSSE, JORDAN FRERKER, NEAL ROHLFING, and JOHN DOE C/O, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 22-cv-00028-JPG ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court is a Motion to Dismiss filed by all Defendants (Doc. 13). Plaintiffs responded at Doc. 16. As set forth below, the motion will be granted in part and denied in part.

Plaintiffs filed this action on December 10, 2021 in the Monroe County Circuit Court, Case No. 2021-L-33. (Doc. 1-2). Defendants removed the action to this Court on January 7, 2022 (Doc. 1)[1] and Plaintiffs did not object to removal.

Decedent Joshua Vic-Daniel Glaus ("Joshua") took his own life on December 13, 2019, while he was in custody at the Monroe County Jail. (Doc. 1-2, pp. 3, 9). Plaintiff David Glaus is Joshua's father and administrator of Joshua's estate, and Plaintiff Crystal Ann Glaus is Joshua's sister. (Doc. 1-2, p. 4). Plaintiffs raise nine counts in their Complaint, including federal

---

[1] Removal was based on original federal question jurisdiction over Plaintiffs' 42 U.S.C. § 1983 and ADA claims. 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).

constitutional claims, claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"), and state law claims, based on their assertions that Defendants were aware that Joshua needed medical attention, psychiatric treatment, and was at risk for suicide, yet failed to provide him with treatment or take steps to mitigate the risk that he would kill himself. (Doc. 1-2, pp. 9-33). Those counts are:

Count I:  Fourteenth Amendment claim (42 U.S.C. § 1983) against all individual Defendants[2] and Monroe County as indemnitor.

Count II:  ADA and Rehabilitation Act (§ 504) claim against Sheriff Rohlfing in his official capacity and Monroe County as indemnitor.

Count III:  *Monell* policy claim[3] under § 1983 against Rohlfing in his official capacity and Monroe County as indemnitor.

Count IV:  State law wrongful death claim against all individual Defendants and Monroe County as indemnitor.

Count V:  State law claim for intentional infliction of emotional distress against all individual Defendants and Monroe County as indemnitor.

Count VI:  State law conspiracy claim against all individual Defendants and Monroe County as indemnitor.

Count VII:  State law claim for *respondeat superior* against Rohlfing in his official capacity and Monroe County as indemnitor.

Count VIII:  State law claim under 745 ILCS 10/9-102 against Rohlfing in his official capacity and Monroe County as indemnitor.

Count IX:  Eighth and Fourteenth Amendment claim against all individual Defendants and Monroe County as indemnitor.

(Doc. 1-2, pp. 9-33).

Defendants move to dismiss the Complaint on multiple grounds, including that the state law claims in Counts IV, V, VI, and VII are time-barred, and the federal law counts fail to state

---

[2] Plaintiffs sue the individual Defendants in their official and individual capacities in Counts I, IV, V, VI, and IX. (Doc. 1-2, pp. 12, 21-23, 25, 32).
[3] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

claims upon which relief may be granted.[4] (Doc. 13, pp. 4-20). Plaintiffs respond that the Complaint is sufficient to plead claims that Defendants failed to protect Joshua from the risk of suicide, deprived Joshua of his rights under the Fourteenth Amendment, violated his rights under the ADA and RA, and that Defendant Rohlfing, in his official capacity as Sheriff, established policies/practices that resulted in the deprivation of Joshua's constitutional rights. (Doc. 16, pp. 2-9). Plaintiffs further assert that the Complaint properly and timely alleges a wrongful death claim (Count IV) as well as a state law *respondeat superior* claim against Rohlfing (Count VII). (Doc. 16, pp. 9-12).

## I. LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). To survive dismissal for failure to state a claim, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.,*

---

[4] Defendants' motion does not raise any objection to the sufficiency of Count VIII of the Complaint (indemnity under 745 ILCS 10/9-102).

381 F.3d 701, 704 (7th Cir. 2004)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

## II. ANALYSIS

### A. Statute of Limitations – State Law Claims (Counts IV, V, VI, VII)

Defendants argue that these claims are time-barred because they were not brought within the one-year statute of limitations set forth in the Illinois Tort Immunity Act, 745 ILCS 10/8-101(a). (Doc. 13, pp. 4-8). This section provides:

> No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

The Complaint alleges that all individual Defendants are employees of a local entity (Monroe County); the Defendant County is a local entity as defined in the Act.

Plaintiffs respond that the Illinois Wrongful Death Act, 740 ILCS 180/1, provides for a two-year statute of limitations and is not superseded by the Tort Immunity Act quoted above. (Doc. 16, pp. 9-11). However, the authorities cited by Plaintiffs do not address the interplay between the differing limitations periods in these two statutes. (Doc. 16, pp. 10-11).

The Court is persuaded that the one-year statute of limitations in the Tort Immunity Act prevails. "Illinois local governmental entities and their employees…benefit from a one-year statute of limitations for 'civil actions' against them." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). This includes state-law claims that are joined with § 1983 claims. *Id.*; *see also Flint v. Belvidere*, No. 11 C 50255, 2012 WL 470113, at *5-6 (N.D. Ill. Feb. 13, 2012) (dismissing state law claims for wrongful death and intentional infliction of emotional distress that were filed outside the one-year limitations period of 745 ILCS 10/8-101(a)).

4

While a complaint is not required to include allegations to defeat an affirmative defense such as the statute of limitations, "if a plaintiff pleads facts that show its suit [is] barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). That is the case here.

Pursuant to the authority set forth in *Williams* and *Flint*, Plaintiffs' state law claims in Counts IV (wrongful death), V (intentional infliction of emotional distress), VI (conspiracy), and VII (*respondeat superior* based on negligence) must have been filed within one year of December 13, 2019, when Joshua died. Because Plaintiffs filed this action nearly two years after that date, on December 10, 2021, the state law claims in Counts IV-VII are time-barred. The motion to dismiss will be granted as to these counts.[5]

### B. Standing to file § 1983 Suit (Counts I, III, and IX)

Defendants argue that David Glaus and Crystal Glaus, as Joshua's father and sister, respectively, do not have standing under § 1983 to recover for their loss of relationship with Joshua. (Doc. 13, pp. 9-10). Plaintiffs' response does not squarely address this question. However, the Complaint clearly states in Counts I (Fourteenth Amendment), III (ADA and RA), and IX (Eighth and Fourteenth Amendments/Indemnity) that Plaintiffs are "seeking damages on behalf of Decedent Joshua Glaus for the deprivation of *his constitutional rights* only." (emphasis added) (Doc. 1-2, p. 11, ¶ 54; see also ¶¶ 73, 129). Thus, Defendants' argument is without merit and dismissal is not warranted on this ground.

### C. Adequacy of Pleading of Counts I, III, and IX

Defendants attack the sufficiency of Counts I, III, and IX on several grounds. (Doc. 13, pp.

---

[5] Having reached this conclusion, the Court finds it unnecessary to address Defendants' alternative arguments to dismiss Count IV based on the immunity provision in 745 ILCS 10/4-103 and related sections (Doc. 13, pp. 6-8) and to dismiss Count VII on the basis Rohlfing cannot be held liable for willful and wanton acts of his subordinates (Doc. 13, pp. 8-9).

10-18). First, they argue that Counts I and IX fail to properly plead individual or official capacity claims (Doc. 13, pp. 10-12). The Complaint contains sufficient factual allegations to survive dismissal on this basis. Defendants are correct that an individual Defendant must have been personally involved in the alleged constitutional violation for liability to attach under § 1983. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). Count I avers that all individual Defendants were made aware of Joshua's serious medical needs and risk of suicide, yet failed to take steps to protect him from the serious risk to his life, in violation of the Fourteenth Amendment.[6] (Doc. 1-2, pp. 6-13; Doc. 16, pp. 2-5). Plaintiffs further assert that Rohlfing, Lansing, and Lutz are responsible for making and/or implementing policies governing Joshua's treatment at the Jail (Doc. 1-2, ¶¶ 7-11), and Jail Officers Brafford, Lawrence Chausse, Jason Chausse, Frerker, and John Doe acted as agents of Monroe County (Doc. 1-2, ¶ 9). Along with the additional factual allegations underlying Count I, the Complaint adequately states official capacity claims against these Defendants. (Doc. 16, p. 5). Count IX adequately pleads that if any damages are awarded against a Defendant in his/her official capacity, they should be indemnified by Monroe County.

Next, Defendants argue that Counts I, III, and IX fail to properly plead *Monell* claims. (Doc. 13, pp. 12-17). The Court notes that Plaintiffs' *Monell* claim is set forth in Count III; it incorporates the factual allegations set forth in the Complaint's previous paragraphs. (Doc. 1-2, pp. 16-20). Plaintiffs' *Monell* claim survives scrutiny under Rule 12(b)(6) at this early stage as it pleads facts that, if proven, will satisfy one or more of the recognized grounds for municipal

---

[6] The Court is mystified as to why Plaintiffs included a response to Defendants' supposed argument that Count I should be dismissed because it is based on a theory that Joshua's *Fourth* Amendment rights were violated. (Doc. 16, pp. 5-6). The Court could not find any reference to the Fourth Amendment in Defendants' motion, and the Complaint is clear that Plaintiffs' claims in Count I are based on the *Fourteenth* Amendment, not the Fourth. (Doc. 1-2, pp. 9-13).

liability: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019) (quotation marks omitted). (See Doc. 16, pp. 8-9).

Finally, Defendants challenge Counts I, III, and IX on the basis that Monroe County is not liable for the alleged actions of the individual Defendants. (Doc. 13, pp. 17-18). Defendants are correct that a municipality cannot be held liable under § 1983 on a theory of *respondeat superior* for the misconduct of its employees. But Plaintiffs' claims in Counts I and IX do not rely merely on supervisory liability. Plaintiffs allege that Defendants are individually liable for their own misconduct, and they seek indemnity from Monroe County to the extent it is found that Defendant(s) acted in their official capacities. (Doc. 1-2, pp. 9-13; 30-33). The Court already concluded that Plaintiffs' *Monell* claim in Count III is adequately pled.

To summarize, Defendants have not shown that dismissal of Counts I, III, or IX is warranted at this juncture.

### D. *Adequacy of Pleading of Count II*

Lastly, Defendants argue for the dismissal of Sheriff Rohlfing in his individual capacity from Count II, because ADA and Rehabilitation Act claims cannot be brought against an individual (Doc. 13, pp. 18-19), and further assert that Count II fails to state a claim upon which relief may be granted (Doc. 13, p. 19-20). These contentions are without merit. Defendants are correct that ADA and RA claims must be brought against a Defendant in his/her official, rather than individual capacity, *see Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012), and this is what Plaintiffs have done. (Doc. 1-2, ¶ 61). Plaintiffs have set forth allegations that Joshua's mental

health conditions and his expressed suicidal ideations constitute a disability within the meaning of the ADA, and that Joshua's placement in an inadequately monitored cell containing the means for him to take his life amounted to a denial of the benefit of a safe and secure environment, and a failure to reasonably accommodate his disability. (Doc. 1-2, pp. 13-15; Doc. 16, pp. 7-8). Count II is sufficient to state a claim and is likewise not subject to dismissal at this time.

## II. DISPOSITION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 13) is **GRANTED IN PART** insofar as **Counts IV, V, VI, and VII** are **DISMISSED** from the action. The motion is **DENIED IN PART** in all other respects.

**Counts I, II, III, VIII, and IX** remain in the action and shall proceed against the Defendants as set forth in the Complaint.

**IT IS SO ORDERED.**

DATED:  9/28/2022

                                           *s/  J. Phil Gilbert*
                                           **J. PHIL GILBERT**
                                           **United States District Judge**