IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GLAUS, *Administrator of the Estate of Joshua Vic-Daniel Glaus,* deceased and individually, and CRYSTAL ANN GLAUS, <br><br>    Plaintiff, <br><br> vs. <br><br> MONROE COUNTY, ILLINOIS, JAMES LANSING, CHRIS LUTZ, RUSSELL BRAFFORD, LAWRENCE CHAUSSE, JASON CHAUSSE, JORDAN FRERKER, NEAL ROHLFING, and C/O JOHN DOE, <br><br>    Defendants. | Case No. 22-cv-00028-JPG |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

This matter is before the Court for consideration of Plaintiff's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) without prejudice (Doc. 22) and Amended Motion to Dismiss Pursuant to 41(a)(2) without prejudice (Doc. 28). For the reasons stated below, the original motion (Doc. 22) shall be **DENIED** and the amended motion (Doc. 28) **GRANTED**.

### BACKGROUND

Following Joshua Vic-Daniel Glaus' suicide in Monroe County Jail on December 19, 2019, Plaintiffs filed this action in Monroe County Circuit Court on December 10, 2021. Defendants removed the case to this Court on January 7, 2022.

1

In the Complaint, Plaintiffs alleged that Defendants failed to provide Glaus with necessary medical and psychiatric care and also failed to mitigate the risk that he would commit suicide. (Doc. 1-2). Plaintiffs brought nine claims against Defendants under the Constitution, Americans with Disabilities Act (ADA), Rehabilitation Act (Rehab Act), and Illinois state law:

**Count 1:** Fourteenth Amendment claim under 42 U.S.C. § 1983 against all individual Defendants and Monroe County as indemnitor;

**Count 2:** ADA and Rehab Act (§ 504) claim against Sheriff Rohlfing (official capacity) and Monroe County as indemnitor;

**Count 3:** *Monell* policy claim under 42 U.S.C. § 1983 against Sheriff Rohlfing (official capacity) and Monroe County as indemnitor;

**Count 4:** State law wrongful death claim against all individual Defendants and Monroe County as indemnitor;

**Count 5:** State law claim for intentional infliction of emotional distress against all individual Defendants and Monroe County as indemnitor;

**Count 6:** State law conspiracy claim against all individual Defendants and Monroe County as indemnitor;

**Count 7:** State law claim for *respondeat superior* against Rohlfing in his official capacity and Monroe County as indemnitor;

**Count 8:** State law claim under 745 ILCS § 10/9-102 against Sheriff Rohlfing (official capacity) and Monroe County as indemnitor;

**Count 9:** Eighth and Fourteenth Amendment claim under 42 U.S.C. § 1983 against all individual Defendants and Monroe County as indemnitor.

Counts 4, 5, 6, and 7 were dismissed pursuant to a motion to dismiss filed on February 4, 2022. (Docs. 13 and 17). Counts 1, 2, 3, 8, and 9 survived dismissal, and Defendants filed an Answer to the Complaint on November 3, 2022. (Doc. 19).

### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i) (Doc. 22)

Three months later, Plaintiffs filed their initial motion for voluntary dismissal of this action without prejudice pursuant to Rule 41(a)(1)(A) on February 15, 2023. (Doc. 22). Rule 41(a)(1)(A)

authorizes voluntary dismissal of an action without a court order when a plaintiff files: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.  *See* FED. R. CIV. P. 41(a)(1)(A)(i), (ii).  Rule 41(a)(1)(A)(i) does not authorize dismissal of this action because Plaintiffs made their request for voluntary dismissal by motion filed *after* the opposing parties served their answers, and Rule 41(a)(1)(A)(ii) does not apply because the parties did not sign a stipulation of dismissal.  *Id*.  Plaintiff's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) without prejudice (Doc. 22) shall be **DENIED**.

### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2) (Doc. 28)

Plaintiffs filed an Amended Motion to Dismiss Pursuant to 41(a)(2) without prejudice (Doc. 28) on March 29, 2023.  Plaintiffs argued that they should not be forced to press forward with the only remaining claims in this case, *i.e.*, Counts 1, 2, 3, 8, and 9, if they do not want to pursue them in this action.  Plaintiffs' counsel explained that the plaintiffs intend to seek new counsel, obtain expert testimony, and gather additional evidence before deciding whether to re-file suit.  If the Court will not grant their motion to dismiss the remaining claims without prejudice, Plaintiffs alternatively request permission to withdraw both motions.  (*Id*.).

The Court held a hearing on the motion on April 20, 2023.  Defendants requested dismissal of all claims with prejudice, given the prior dismissal of Counts 4, 5, 6, and 7, and the time and expense the defendants have already invested in litigating Counts 1, 2, 3, 8, and 9.  The Court explained that the applicable statute of limitations would likely bar Plaintiffs' claims, if Plaintiff's request for dismissal was granted, and the Illinois Savings Statute, 735 ILCS § 5/13-217, may not save their claims.  The Court then gave Plaintiffs' counsel additional time to brief the issue and/or modify the request for dismissal of this action.

On May 1, 2023, Plaintiffs filed a Memorandum in Support of Plaintiffs' Amended Motion to Dismiss Pursuant to 41(a)(2) without prejudice again arguing that they should be free to dismiss the only remaining claims, *i.e.*, Counts 1, 2, 3, 8, and 9, without prejudice to re-filing suit. (Doc. 31).  As for timeliness of these claims, Plaintiffs asserted that they could invoke the Illinois Savings Statute, which they maintain applies to 1983 claims (*see id*.) (citing *Johnson v. Dart*, 20-CV-6500, 2022 WL 972293, at *3 (N.D. Ill. Mar. 31, 2022), and any dispute about the applicability of the Illinois Savings Statute would be (and should be) taken up in the later-filed suit.  (*Id*.).

Rule 41(a)(2) authorizes the Court to dismiss an action at Plaintiffs' request only by court order on terms that the Court considers proper.  Counts 4, 5, 6, and 7 have already been dismissed from this action and will not be relitigated.  And, in light of Plaintiffs' recognition of the applicable statute of limitations, Plaintiff's Amended Motion to Dismiss Counts 1, 2, 3, 8, and 9 without prejudice shall be **GRANTED**.  *See Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000) (When a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit and the dismissal is effectively with prejudice if the statute of limitations has run.).

## DISPOSITION

Plaintiff's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) without prejudice (Doc. 22) is **DENIED**.

Plaintiff's Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(2) without prejudice (Doc. 28) is **GRANTED** with respect to **COUNTS 1, 2, 3, 8,** and **9**, which are hereby **DISMISSED without prejudice**.  **COUNTS 4, 5, 6,** and **7** were previously dismissed pursuant to the Court's Order at Doc. 17 and are now **DISMISSED with prejudice**.

The Clerk's Office is directed to **CLOSE** this case and **ENTER** judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 5/10/2023**                                    s/J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **United States District Judge**

5